OFFICE OF DISCIPLINARY COUNSEL *v.* DRURY.

[Cite as Disciplinary Counsel *v.* Drury (1990), 54 Ohio St. 3d 601.]

(No. 90-1405—Submitted September 18, 1990—Decided September 21, 1990.)

*J. Warren Bettis*, disciplinary counsel, for relator.

This cause is pending before the court in accordance with the reciprocal discipline provisions of Gov. Bar R. V(44).

On July 30, 1990, Disciplinary Counsel filed with this court a certified copy of an order of discipline entered on May 16, 1990 by the District of Columbia Court of Appeals against respondent, John E. Drury III. Such order suspended respondent from the practice of law in the District of Columbia for a period of four months, effective June 15, 1990. On July 30, 1990, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to said show cause order and this cause was considered by the court. On consideration thereof,

IT IS ORDERED AND ADJUDGED by this court that respondent, John E. Drury III, be suspended from the practice of law pursuant to Gov. Bar R. V(44). It is further ordered that the period of suspension shall extend for a term concurrent with the term of suspension from the practice of law in the District of Columbia, to wit, through October 15, 1990.

IT IS FURTHER ORDERED that respondent, John E. Drury III, cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

IT IS FURTHER ORDERED that respondent is forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court forthwith and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that, pursuant to Gov. Bar R. X(3)(F), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar and this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before October 15, 1990, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an

attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of the court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov. Bar R. V(22).

MOYER, C.J., SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS and WRIGHT, JJ., would suspend respondent for four months commencing on the date of the announcement of this decision.